374 So.2d 981 (1979)
In re FLORIDA WORKERS' COMPENSATION RULES OF PROCEDURE.
No. 57707.
Supreme Court of Florida.
September 20, 1979.
PER CURIAM.
Appended to this opinion are Workers' Compensation Rules of Procedure which the Court hereby adopts temporarily to govern all proceedings within their scope after 12:01 a.m. September 30, 1979. Appeals from the Industrial Relations Commission which are pending in this Court on October 1, 1979, shall continue to be governed by the Florida Rules of Appellate Procedure where appropriate.
The 1979 legislature substantially revised chapter 440, Florida Statutes, pertaining to workmen's compensation proceedings, effective October 1, 1979. Chs. 79-40 and 79-312, Laws of Fla. Among other matters, the legislature authorized the Court to promulgate procedural rules relating to practice before deputy commissioners (section 440.29(3)) and to appeals from deputy commissioners to the First District Court of Appeal (section 440.25(d)). In light of the short time span between the adoption of this legislation and its proposed effective date, the Court solicited the assistance of persons intimately acquainted with and directly interested in these types of proceedings, for the purpose of drafting rules suitable for the Court's early adoption.[1] The appended rules are the product of this committee's efforts, virtually without change. Our approval and adoption of these rules are transitional and temporary in nature and does not connote our approval of the legal efficacy of any particular rule. We request The Florida Bar and other interested parties to file any appropriate suggestions or objections on or before April 1, 1980, directed to specific rules and stating why the rule is inappropriate or objectionable.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J., dissents with an opinion.
ENGLAND, Chief Justice, dissenting.
I respectfully dissent from the Court's adoption of rules one through fifteen, for the reasons expressed in my dissenting opinion in In re Workmen's Compensation Rules of Procedure, 343 So.2d 1273 (Fla. 1977). The fact that the 1979 legislature amended and retained in effect section 440.29(3), Florida Statutes,[*] does not change to any extent the views which I previously expressed.

FLORIDA WORKERS' COMPENSATION

RULES OF PROCEDURE

(FLA. W.C.R.P.)

PART A. TRIAL PROCEEDINGS

RULE 1. SCOPE AND TITLE
These rules, adopted and promulgated pursuant to the legal authority of the Supreme Court of Florida, shall govern all workers' compensation proceedings in and before Deputy Commissioners and the District Court of Appeal, First District.
These rules shall be cited as Workers' Compensation Rules of Procedure, and may be abbreviated Fla. W.C.R.P.

*982 COMMENT

RULE 1.
1979 REVISION. This replaces Rule 1, W.C.R.P. There is no substantive change except to the changed title of trial forum from "Judge of Industrial Claims" to "Deputy Commissioner", and "Industrial Relations Commission" to "District Court of Appeal, First District".

RULE 2. DEFINITIONS
Throughout these rules, unless the context or subject matter otherwise requires:
(a) "DISTRICT COURT" means the District Court of Appeal, First District.
(b) "CLERK" means the clerk of the District Court.
(c) "DIVISION" means the Division of Worker's Compensation of the Florida Department of Labor and Employment Security.
(d) "DEPUTY" means a deputy commissioner pursuant to Chapter 440, Fla. Stat.
(e) "CHIEF COMMISSIONER" means the Chief Commissioner appointed by the Governor, serving in the Department of Labor and Employment Security, pursuant to Chapter 440, Fla. Stat.
(f) In construing these rules, where the context indicates, the singular includes the plural and vice versa, and the masculine includes the feminine and neuter and vice versa.
(g) Filing shall be accomplished by placement with the division, the deputy commissioner, or the clerk or the District Court as the context of Chapter 440 or these rules require.

COMMENT

RULE 2.
1979 REVISION. These definitions adapt to the 1979 legislation by which, for instance, the Bureau of Workmen's Compensation was upgraded to a Division [of Workers' Compensation]. This replaces Rule 2, 1977 W.C.R.P.

RULE 3. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or unless otherwise provided by Chapter 440, Fla. Stat., any pleadings or other papers filed in the proceedings shall be served on each party.
(b) Method and Proof of Service.
(1) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address. Delivery of a copy within this rule shall mean (a) handing it to the attorney or to the party, or (b) leaving it at his office with his clerk or other person in charge thereof, or (c) if there is no one in charge, leaving it in a conspicuous place therein, or (d) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing.
(2) Certificate of Service. When any attorney shall certify in substance:
"I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ____, 19__
______________________
Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
(c) Service by Mail. When service is effectuated by mail, five days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. [This sub-section does not apply to the filing requirements for institution of appellate proceedings.]

COMMENT

RULE 3.
1979 REVISION. This replaces Rule 2(h), 1977 W.C.R.P., which merely provided *983 "`Service' shall be as provided in the Florida Rules of Civil Procedure."
Subsection (c) replaces Rule 3(b), W.C.R.P. 1977. The caveat to the filing of appellate proceedings is to warn of the jurisdictional nature of § 440.25(4)(f), Fla. Stat. 1979, which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)-(e) shall apply only until September 30, 1979.

RULE 4. COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, by order or by applicable statute, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included. If any act required, to be done, or allowed to be done, falls upon a Saturday, Sunday, or legal holiday, performance of said act shall be required upon the next regular working day.

COMMENT

RULE 4.
1979 REVISION. This replaces Rule 3(a), 1977 W.C.R.P.

RULE 5. CLAIMS
Claims and notices to controvert shall be filed with the Division at its office in the City of Tallahassee.

COMMENT

RULE 5.
1979 REVISION. This replaces Rule 4, 1977 W.C.R.P.
It appears to be the view of the Division of Workers' Compensation (hereafter "division") that the filing of a claim ... the form of that claim ... and all massaging of that claim prior to the same being assigned to a deputy commissioner [for judicial function] pursuant to an application for hearing, is solely and totally within the purview of the division and ought not be addressed by these Workers' Compensation Rules of Procedure, or any other rules except those of the division. § 440.19(2)(d), Fla. Stat., (1979) provides that:
Such claim shall be filed with the division at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and cause of the injury, of such fairly equivalent information as will put the division and the employer on notice with respect to the identity of the parties and the specific compensation benefit which is due but has not been paid or is not being provided. Any claim, or portion thereof, not in compliance with this subsection shall be subject to dismissal upon motion of any interested party, the division, or the deputy commissioners.
Cf. § 440.25(1) Fla. Stat. (1979); § 440.20(10)(b), Fla. Stat. (1979).
This differs  radically  from the traditional source of creating and disciplining the pleading by which civil actions are initiated.

RULE 6. APPEARANCE AND WITHDRAWAL OF ATTORNEYS
(a) APPEARANCE. Notice of appearance shall be filed by any successor, or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a deputy or the District Court.
(b) WITHDRAWAL. An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workers' compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless he shall first file with the deputy a written motion for withdrawal setting forth the reasons therefor, serving a *984 copy of said motion upon the movant's client and counsel for the adverse party, and shall then obtain from the deputy an order granting said motion for withdrawal. If appellate proceedings have been instituted in the cause, the motion shall be filed with the appropriate court.

COMMENT

RULE 6.
1979 REVISION. This replaces Rule 6, 1977 W.C.R.P.

RULE 7. APPLICATION FOR HEARING
An application for hearing concerning a claim, made pursuant to Chapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the deputy to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined and specific benefit due and not paid. Application for the first hearing or trial in a cause shall be filed with the Division at Tallahassee. Applications for any subsequent hearings in that cause shall be filed with the deputy to whom the case has been assigned. A copy of the application shall be served on counsel for each party and a copy upon any party not represented by counsel. Failure to serve a copy of the application as required shall be grounds for a continuance or cancellation of the hearing.

COMMENT

RULE 7.
1979 REVISION. This replaces Rule 7, 1977 W.C.R.P. It is derived substantially from § 440.25(3)(a), Fla. Stat., 1979, which again emphasizes "the specific benefit due and not paid". This clearly points up one of the many differences between civil proceedings generally, and workers' compensation ... from the `Notice of Injury' a file is begun and maintained by the division in Tallahassee. As a deputy commissioner assumes supervision for the purpose of providing judicial-type services, that administrative file [in the division] provides, in part, the foundation for the file pertinent to the litigation. Even as the litigation proceeds, the administrative functions must be continued, hence a continuing relationship between the dual nature [of that file] ... administrative/judicial.

RULE 8. NOTICE OF HEARING ON CLAIM: ORDER BY DEPUTY COMMISSIONER
(a) The deputy shall hold a hearing within 90 days after application for the same, and shall give the claimant and other interested parties at least 15 days notice by certified mail. The notice shall state with particularity the questions at issue or in dispute which the deputy will hear and determine.
(b) The order making an award or rejecting the claim shall set forth the findings of ultimate facts and the mandate, and the order need not include any other reason or justification for such mandate. The order shall be signed by the deputy and shall include a certificate of mailing thereon.

COMMENT

RULE 8.
1979 REVISION. This replaces Rule 8, 1977 W.C.R.P.
It, too, is derived substantially from § 440.25(3)(a), Fla. Stat., 1979. Note that the deputy shall give the notice.

RULE 9. DISCOVERY
Depositions of witnesses or parties, residing within or without the state, may be taken and may be used in connection with proceedings under Chapter 440, Florida Statutes, either upon the order of a deputy or at the instance of any party or prospective party to such proceedings. Depositions may be taken prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of the claim, in *985 the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure.

COMMENT

RULE 9.
1979 REVISION. This replaces Rule 9, 1977 W.C.R.P.
It is derived substantially from § 440.30, Fla. Stat., 1979.

RULE 10. PRETRIAL PROCEDURE
(a) GENERALLY. The deputy may, on his own motion, or on the motion of any party to the action, order a pre-trial conference, at which the parties shall:
(1) State and simplify the claims, defenses, and issues.
(2) Make appropriate amendments to the claims and defenses.
(3) Stipulate and admit to such facts and documents as will avoid unnecessary proof.
(4) Present, examine, and mark for identification, all exhibits. Impeachment and rebuttal exhibits need not be revealed.
(5) Furnish opposing party the names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed.
(6) Exchange all available written reports of experts where expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the parties shall present the reports to the deputy to be so marked. The parties shall consider and determine a limitation on the number of expert witnesses.
(7) Estimate trial time.
(8) Consider and determine such other matters as may aid in the disposition of the cause.
(b) NOTICE: The deputy shall, by order, give the parties at least 15 days notice of the pretrial conference. If a party or his attorney fails to attend the conference without good cause, the deputy may dismiss the claim or strike the defenses, or take such action as may be authorized by law. The deputy may cancel the pretrial conference upon submission of a signed pretrial stipulation with appropriate exhibits and medical reports attached.
(c) RECORD. The deputy shall record the pretrial conference by stenographic or electronic means, or by a written stipulation signed by the parties.
(d) PRETRIAL ORDER. The deputy shall promptly enter an order reciting the action taken at the conference, the amendments allowed to the claims and defenses, the agreements made by the parties about any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or stipulations of the parties. The deputy shall serve the order upon the attorneys for the parties and upon any party not represented by counsel. The order shall control the subsequent course of the action unless the deputy modifies it to prevent injustice.

COMMENT

RULE 10.
1979 REVISION. This replaces Rule 10, 1977 W.C.R.P., but is substantially the same.

RULE 11. PROSECUTION OF CLAIM BEFORE DEPUTY COMMISSIONER
(a) When a trial has been set by a deputy commissioner, all parties shall diligently prosecute and defend the claim. The deputy commissioner may cancel or continue a trial on his own motion or on the motion of a party if he finds that the cancellation or continuance is for good cause which has not resulted from a lack of diligence in the prosecution or defense of the claim.
(b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of deputy commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years after filing, is subject *986 to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the deputy commissioner before whom the action is pending, the file shall be forwarded to the appropriate deputy commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.

COMMENT

RULE 11.
1979 REVISION. This replaces Rule 11, 1977 W.C.R.P.
The 1977 rule was the result of extensive debate and revision, and the committee did not see need for substantial revision.

RULE 12. ADMISSIBILITY OF EVIDENCE: PROFFERS: EXHIBITS
(a) ADMISSIBILITY. Whenever a question of the admissibility of evidence is presented for consideration of the deputy, he shall promptly rule on it. If an objection is made and not ruled upon by the deputy, the ruling shall be presumed to be adverse to the party making the objection.
(b) PROFFERS. Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the deputy.
(c) EXHIBITS. Voluminous or cumbersome exhibits shall not be received in evidence unless their use is unavoidable. The contents of the Division file with respect to a claim shall not be admissible evidence as such, but individual documents or portions of the file, may be admitted if admissible under the rules of evidence. Legible copies may be substituted for original documents in evidence when reasonably necessary.

COMMENT

RULE 12.
1979 REVISION. This replaces Rule 12, 1977 W.C.R.P.

RULE 13. AGREEMENTS
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record.

COMMENT

RULE 13.
1979 REVISION. This replaces Rule 13, 1977 W.C.R.P.

RULE 14. ORDER OF THE DEPUTY
The order of the deputy shall set forth findings of fact, conclusions of law and the deputy's determination of the claim or other ruling.

COMMENT

RULE 14.
1979 REVISION. This replaces Rule 8(b), 1977 W.C.R.P. It derives from § 440.25(3)(c), Fla. Stat., 1979. The rule requires more than the statute, but the First District Court of Appeal deems it to be procedural, and that more than ultimate fact should be stated.

RULE 15. SANCTIONS
Failure to comply with the provisions of these rules may subject a party to reprimand, striking of briefs or pleadings, denial of oral argument, dismissal of proceedings, imposition of costs, attorney's fees or such other sanction as the deputy shall deem appropriate.

COMMENT

RULE 15.
1979 REVISION. This is new in W.C.R.P. It is derived from Rule 9.410, Florida Rules of Appellate Procedure, 1979.

PART B. APPELLATE PROCEEDINGS

RULE 16. APPELLATE REVIEW:
(a) Notice of Appeal. Notice of appeal of an order of a Deputy shall be filed with *987 any Deputy within 30 days of the date copies of the Deputy's order were mailed to the parties. Appellant shall file the original and one copy of the notice, accompanied by a $50.00 filing fee, by check or money order, payable to the Clerk of the District Court. Jurisdiction of the District Court is invoked as of the date of filing of the notice of appeal with any Deputy.
(b) Transmittal of Notice. Upon filing of a notice of appeal the Deputy shall forthwith transmit the filing fee and a certified copy of the notice showing the date of filing to the Clerk, and if he is not the deputy who entered the order on appeal, he shall forthwith forward to the Deputy whose order is on appeal, a copy of the notice and of the transmittal letter to the Clerk.
(c) Form of Notice. Notice of appeal shall be as follows:

 In The Office of
 The Deputy Commissioner
 District __________
 Deputy Commissioner
 (Name of Deputy)
 (Address of Deputy)
 Claim No.:
A.B., :
 Appellant :
vs. : Notice of
C.D., : Appeal
 Appellee :
 Notice is hereby given that A.B., Appellant, appeals to the
District Court of Appeal, First District of Florida, the order of
the Deputy Commissioner, (name) , dated __________, 19 __,
and mailed ___________, 19 __. The nature of the order on appeal
is _________________.
 /s/
 _____________________
 Counsel for A.B.
 (address)
 (telephone number)
(Certificate of Service)

(d) Cross-Appeal. Any appellee who desires to review an adverse ruling of the Deputy shall file his cross-appeal with any Deputy within 10 days of service of notice of appeal, or within 30 days of the mailing of the order to be reviewed, which ever is later. The form shall be substantially as provided by (c) of this rule. No filing fee shall be required for a cross-appeal.
(e) Assignments of Error. There shall be no assignments or cross-assignments of error.
(f) Proof of Service. A copy of notices of appeal and cross-appeal shall be served on all interested parties and proof of service thereof shall accompany such notices when filed.

COMMENT

RULE 16.
1979 REVISION. This replaces Rule 14, 1977 W.C.R.P. It derives, in part, from § 440.25(4)(f), Fla. Stat., 1979; and Rules 9.040(g), 9.110(b), and 9.900, Florida Rules of Appellate Procedure, 1979. The appeal period is extended from 20 days to 30 days, and assignment of error(s) is eliminated.

RULE 17. APPROVAL OF APPEAL BONDS
Any employer required to file a supersedeas bond in an appeal shall file the bond with the deputy who shall promptly serve notice on each party of the approval or disapproval of the bond. A notice of disapproval shall include the reasons for the disapproval. A party whose bond is disapproved is allowed 10 days from service of notice of disapproval to comply with the objections contained in the notice of disapproval. The bond shall be conditioned to pay the amount of the demand, interest, penalties and costs payable under the terms of the order, if the appeal shall be dismissed or the District Court shall affirm the award in any amount. Failure to file a required bond or to comply with objections contained in a notice of disapproval within the time allowed shall be grounds for dismissal of the appeal.

COMMENT

RULE 17.
1979 REVISION. This replaces Rule 15, 1977 W.C.R.P. § 440.27(2) and § 440.25(4)(a), Fla. Stat., 1979, were the statutory foundations through September 30, 1979.

*988 RULE 18. RECORD ON APPEAL
(a) WHAT CONSTITUTES.
(1) The record on appeal shall contain the claim, notice to controvert, pre-trial order and stipulation, transcript of proceedings before the Deputy and order on appeal. The record shall also contain, by designation of a party, such other orders and pleadings as are necessary for the court's determination of the appeal. Only such exhibits, depositions and physical evidence as are introduced into evidence before the Deputy, designated by the parties for inclusion, and necessary for the court's determination of the appeal shall be included. If the order appealed requires consideration by the court of matters which have not been admitted as evidence, such material as is necessary to the court's determination shall be included by designation. Evidence proffered, but not admitted into evidence by the Deputy, shall not be included in the record unless its admissibility is an issue on appeal and it is designated for inclusion by one of the parties. No paper, document, exhibit or administrative filing not introduced into evidence and pertinent to the issues on appeal shall be included in the record.
(2) The record on appeal from a non-final order shall consist of the order on appeal and only such material, designated by the parties, as is necessary for the court's determination of the appeal.
(3) Designation shall be filed with the Deputy and served by appellant within 10 days, and by appellee within 20 days, of service of notice of appeal.
(4) The Deputy shall certify the record as constituting the appellate record in the proceedings.
(b) ABBREVIATED RECORD. Within the time provided for filing the notice of appeal, the appellant may file designations to the Deputy identifying those portions of the proceedings and evidence appellant wishes to have omitted as unnecessary from the record on appeal. Appellant or cross-appellant shall serve a copy of the designation, a statement of the issues on appeal, and proof of service thereof, on each opposing party. Within ten (10) days after service of designations, each opposing party may file cross-designations identifying any parts of the omitted record deemed necessary and they shall be included in the record on appeal. Each opposing party shall serve a copy of those cross-designations, and in the case of a cross-appeal, a statement of issues on cross-appeal, together with proof of service thereof, on each other opposing party.
(c) STIPULATED RECORD. When the issues on appeal can be determined without an examination of the entire proceedings in the cause, the parties may prepare a stipulated statement showing how the issues to be presented arose and were decided by the deputy, setting forth or attaching as much of the record before the deputy as is necessary to a determination of the issues by the District Court. A stipulated statement and a copy of the deputy's order may then be certified by the deputy as the record on appeal.
(d) INCOMPLETE RECORD. If the District Court of its own motion or upon motion of any party finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.
(e) COSTS. Within 5 days after the content of the record on appeal has been determined, the deputy shall serve notice upon the appellant or his attorney of the estimated cost of preparing the record on appeal and necessary copies thereof, and the appellant shall, within 15 days of the date of service, deposit the amount of the estimated cost of preparing the record at the office of the deputy. If the appellant fails to deposit the amount of cost within the time allotted, the deputy shall promptly notify the District Court of such failure and the District Court may dismiss the notice of appeal. However, neither the Division, nor the Special Disability Trust Fund, nor any self-insured state agency shall be required to make the deposit.
*989 (f) RELIEF FROM COSTS. An appellant may be relieved in part or in whole from the costs for the preparation of the record on appeal, if within 15 days from the date notice of the estimated costs for the preparation is served, he files with the deputy a verified petition to be relieved of costs. The verified petition shall contain a detailed and sworn statement of all his assets, liabilities, and income. Appellant's attorney or the appellant, if not represented by an attorney, shall include as a part of the verified petition an affidavit or affirmation that in his opinion the notice of appeal was filed in good faith and that the issues to be presented on appeal contained therein constitutes a probable basis for the District Court to find reversible error. A copy of the verified petition shall be served upon the Division in Tallahassee and all other interested parties, and the clerk. The deputy shall promptly conduct a hearing on the verified petition giving at least 15 days notice to the appellant, the division, and all other interested parties, which shall all be parties to the proceeding. The deputy may enter an order without such hearing if no objection is filed by the division or an interested party within 12 days from the date the verified petition is filed. Said proceedings shall be conducted in accordance with the workers' compensation rules of procedure to the extent applicable. The forty-five day period for the preparation and filing of the record on appeal and, in the case of a denial of said petition, the fifteen-day period for depositing the amount of record costs required, will then commence when the deputy's order thereon has become final (with an information copy provided to the Division and the District Court).
(g) PREPARATION OF RECORD. Upon direction from the deputy, the court reporter who stenographically reported the proceedings, or a transcriber designated by the deputy, shall transcribe, prepare, certify, and deliver to the deputy a record on appeal prepared in accordance with this Rule. The court reporter or transcriber shall deliver the record on appeal to the deputy in sufficient time to allow review and certification by the deputy and timely filing with the District Court. The court reporter or transcriber shall promptly notify the parties in writing of the date of such delivery. The deputy or the District Court may, of its own motion, or on motion of a party, secure compliance with this section by invoking the sanction powers provided by law.
(h) FORMAT. The record on appeal shall be bound and securely fastened in one or more volumes containing no more than 200 pages per volume. The pages of the record shall be numbered consecutively, and each volume shall include a cover page, the volume number, and a complete index containing the names of the witnesses, a list of exhibits offered and introduced in evidence, including the pages where offered and where each may be found. Volume one shall include a complete index of the entire record on appeal. Proffered evidence, subject to (a) above, shall be clearly identified and located in a separate section of the record on appeal.
(i) TIME TO FILE. The appellant shall, pursuant to the directions of the deputy, have the original or a copy of the record on appeal filed with the District Court within 45 days from the date of filing of the notice of appeal, unless the District Court for good cause shown by petition filed prior to the expiration of said period, and after notice and opportunity for hearing, shall extend the time therefor. The appellant shall have a copy of the record on appeal served on each party or his attorney, and shall have a certificate of such service filed with the record on appeal when filed with the District Court. Unless the nature of the litigation dictates otherwise, service of a copy of the record on appeal on any one of the following: (1) the employer, (2) attorney for employer, (3) the carrier or servicing agent, (4) attorney for carrier or servicing agent shall be service of a copy of the record on appeal on the employer and carrier.

COMMENT

RULE 18.
1979 REVISION. This replaces Rule 16, 1977 W.C.R.P. The sub-section applicable *990 to non-final orders is new. The earlier rule provided designations for the purpose of ex cluding portions of the proceedings . . this rule reverses that concept, and one must now designate those portions of the proceedings which are to be included.

RULE 19. CORRECTIONS TO RECORD
(a) CORRECTIONS. After the record has been transmitted by the deputy, the District Court may on its own motion or motion of any party temporarily relinquish jurisdiction to the deputy for the purpose of correcting, amending, or supplementing the record to reflect the true state of the record, with costs of the record to be assessed by the deputy. The deputy shall certify the corrected, amended, or supplemented record to the District Court as the record on appeal. Absent specific directions from the District Court, if the deputy determines, on remand, that the record as originally certified is correct, he shall so state, whereupon jurisdiction shall revest in the District Court.
(b) COSTS. If the responsible party fails to deposit the additional costs within the time ordered by the deputy, or in the case of a denial of Petition to be Relieved of Costs, within 15 days after the date of the deputy's order, the deputy shall promptly notify the District Court and the parties thereof.

COMMENT

RULE 19.
1979 REVISION. This replaces Rule 17, 1977 W.C.R.P.

RULE 20. PROCEEDINGS PENDING REVIEW
(a) PROCEDURAL MATTERS. Before the record is transmitted, the deputy shall have concurrent jurisdiction with the District Court to enter orders on any procedural matter relating to the cause, subject to the control of the District Court on its motion or that of a party.
(b) FURTHER PROCEEDINGS.
(1) In the absence of a stay, during the pendency of a review of a non-final order, the deputy may proceed with all matters, including final hearing; provided that the deputy may not enter a final order disposing of the cause pending such appeal.
(2) When the jurisdiction of the deputy has been divested by an appeal from a final order, the court by order may permit the deputy to proceed with specifically stated matters during the pendency of the appeal.
(3) Pending appeal the deputy shall retain jurisdiction to enter orders on all matters of the claim which have not been appealed.

COMMENT

RULE 20.
1979 REVISION. Subsection (a) is similar to a portion of Rule 18(a), 1977, W.C.R.P.
Subsection (b)(1) is similar to Rule 9.130(f), Florida Rules of Appellate Procedure.
Subsection (b)(2) is similar to Rule 9.600(b), Florida Rules of Appellate Procedure.

RULE 21. JURISDICTION; PROPOSED SETTLEMENT: MOTION FOR REMAND
(a) JURISDICTION. Upon application to the District Court for review of an order of a deputy, jurisdiction of the cause to the extent of the issues raised is vested in the District Court and the deputy shall have no further jurisdiction, in respect thereof, save with respect to preparation of the record on appeal, cost of said preparation, and extension of time for filing of same, and as provided by these rules. A party may, however, file a motion with the District Court requesting remand of the cause to the deputy for further proceedings.
(b) PROPOSED SETTLEMENT. Upon Stipulation of the parties, the deputy may take testimony or cause to be investigated a proposal for settlement of all or any part of the cause before the District Court on review with the objective of determining *991 whether or not upon remand, he would approve such settlement proposal. An order approving such settlement which is entered while the cause is pending appellate review and prior to the remand of the cause to the deputy shall be null and void.
(c) MOTION FOR REMAND. Upon joint motion of the parties stating that a proposed settlement agreement has been reached, the District Court may remand the cause to the deputy for consideration of the proposed settlement and the entry of an appropriate order.

COMMENT

RULE 21.
1979 REVISION. This replaces Rule 18, 1977 W.C.R.P.

RULE 22. BRIEFS  WHEN TO BE FILED AND CONTENTS
(a) INITIAL BRIEF. Within 30 days after the filing of the record on appeal, the appellant shall serve a copy of his brief upon the appellee and the original and two copies with the District Court, together with proof of service of a copy thereof upon the appellee, unless the District Court for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor.
(b) APPELLEE'S ANSWER BRIEF. Within 20 days after service of a copy of appellant's brief, the appellee shall serve a copy of his brief upon the appellant and the original and two copies of his brief with the District Court together with proof of service of a copy thereof upon the appellant unless the District Court for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor.
(c) APPELLANT'S REPLY BRIEF. If the appellant desires to submit a reply brief, he shall serve a copy of his reply brief upon the appellee, and the original and two copies of his reply brief with the District Court, together with proof of service of a copy thereof upon the appellee, within 20 days after service of a copy of appellee's brief.
(d) CROSS-APPEAL. Cross-appellant shall include his argument on the cross-appeal in his appellee's brief in the manner authorized by Rule 9.210(c), Florida Rules Appellate Procedure. Appellant/cross-appellee shall include his argument on the cross-appeal in his appellant's reply brief, which shall be served within 20 days after service of appellee/cross-appellant's brief. Within 20 days after service of appellant/cross-appellee's reply brief, cross-appellant may serve reply brief to the cross-appellee's brief, together with proof of service of a copy thereof upon cross-appellee. Argument as to the cross-appeal shall be clearly designated in a separate section of the briefs.
(e) FILING. Briefs shall be filed with the Clerk of the District Court of Appeal First District either before service or immediately thereafter.
(f) STYLE AND CONTENTS OF BRIEFS. The style and contents of briefs shall conform to the requirements of Rule 9.210, Fla.R.App.P.

COMMENT

RULE 22.
1979 REVISION. This replaces Rule 19, 1977 W.C.R.P.

RULE 23. MOTIONS
(a) IN GENERAL. Unless otherwise prescribed by these rules an application for an order or other relief available under these rules shall be by motion.
(b) TIME NOT TOLLED. Motions shall not toll the time for doing any act provided for by these rules unless otherwise ordered by the District Court.
(c) MOTIONS TO STRIKE. Motions to strike a brief or portions of a brief shall not be entertained by the court. However, a party, in his own brief or by filing a suggestion, may call to the District Court's attention a breach of these rules. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.

*992 COMMENT

RULE 23.
1979 REVISION. This replaces Rule 20, 1977 W.C.R.P.
Subsection (b) is a significant change from previous practice.
Subsection (c) is a new provision.

RULE 24. ORAL ARGUMENT
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served with the earliest brief of a party. Upon its own motion or that of a party, the court may require, limit, expand or dispense with oral argument.

COMMENT

RULE 24.
1979 REVISION. This replaces Rule 21, 1977 W.C.R.P.

RULE 25. MOTION FOR REHEARING
A Motion for Rehearing or for Clarification of decision may only be filed within fifteen (15) days of the decision unless the time is extended by order of the Court applied for within the fifteen (15) day period. The motion shall state with particularity the points which the court has overlooked or misapprehended and shall not reargue the merits of the court's order. A reply may be served within ten (10) days of service of the motion.

COMMENT

RULE 25.
1979 REVISION. This is a new rule.

RULE 26. MANDATE
Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after the expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.

COMMENT

RULE 26.
1979 REVISION. This is a new rule.

RULE 27. FURTHER REVIEW AND ORIGINAL PROCEEDINGS
Any further review and original proceedings shall be governed by Florida Rules of Appellate Procedure.

COMMENT

RULE 27.
1979 REVISION. This is a new rule.
NOTES
[1] The committee, chaired by William Wiltshire, Esquire, chairman of The Florida Bar's appellate rules committee, was composed of Albert Meyer Frierson, Esquire, James C. Henderson, Judge of Industrial Claims, Terrell Sessums, Esquire, Chairman, The Florida Bar Workmen's Compensation Section, Elmer O. Friday, Esquire, Chairman, Industrial Relations Commission, Judge E.R. Mills, Jr., Chief Judge, First District Court of Appeal, Stephen Slepin, Esquire, Judge Anne Booth, First District Court of Appeal, Judge Larry Smith, First District Court of Appeal, and Mary Ann Stiles, general counsel to Associated Industries.
[*] § 22, Ch. 79-40 Laws of Fla.